IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES E. CONSTANCE and MARION CONSTANCE,<br><br>    Plaintiffs,<br><br>v.<br><br>INTERSTATE INTRINSIC VALUE FUND A, LLC,<br><br>    Defendant. | No. 3:20-cv-02819-E-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this removed civil action is Plaintiffs Charles and Marion Constance's *pro se* Motion for New Trial. Mot. (ECF No. 16). For the following reasons, the Court should DENY the Motion.

**Background**

This case arises out of the foreclosure of a junior mortgage lien held by Defendant Interstate Intrinsic Value Fund A, LLC (Interstate) against the Constances' home in Dallas. Indeed, it is only the latest chapter in a long history of contentious litigation between the parties. *See generally* Mot. Dismiss 7-9 (ECF No. 6); *see also Constance v. Interstate Intrinsic Value Fund A LLC*, 2019 WL 5894189, at *1 (N.D. Tex. Nov. 12, 2019) (granting summary judgment for Interstate), *aff'd*, 810 F. App'x 329 (5th Cir. 2020) (per curiam).

1

The current chapter began on August 31, 2020, when the Constances filed their Original Petition and Request for Temporary Restraining Order in the 101st Judicial District Court of Dallas County, Texas, asserting claims against Interstate for quiet title, declaratory relief, and violations of the Texas Property Code. Pls.' Pet. (ECF No. 1-5). Interstate timely removed the case to federal court on September 10 on the basis of diversity jurisdiction. Removal Notice 3-5 (ECF No. 1). One week later, Interstate filed a Rule 12(b)(6) motion to dismiss. Mot. Dismiss (ECF No. 5). Interstate also filed an answer, (ECF No. 8), and counterclaim, (ECF No. 9), seeking an order of judicial foreclosure, damages, and attorneys' fees. The Constances' response to the motion to dismiss was due on October 9. But, on October 6, the Constances and Interstate reached a settlement (the "Settlement Agreement") regarding the claims and causes of action asserted in this action. On October 13, Interstate advised the Court that "[t]he Parties' settlement will be completed on December 30, 2020, the resolution culminating in either the entry of an Agreed Final Judgment granting foreclosure (should the agreed payoff of the underlying debt not occur as contemplated) or an Agreed Motion to Dismiss with Prejudice (should the agreed payoff of the underlying debt occur)." Mot. Abate (ECF No. 11). Accordingly, the Court abated this case pending resolution of the Settlement Agreement. Ord. (ECF No. 12).

On January 5, 2021, Interstate moved for entry of an agreed final judgment, (ECF No. 13), because it did not receive the settlement payoff by the December 30 deadline. Interstate also presented the Court with a proposed final judgment, (ECF

No. 13-1), agreed as to form and substance by the Constances themselves, as well as their attorney of record, Ryan Daniel. The Constances did not file a response to the motion. Therefore, the Court granted Interstate's motion, (EFC No. 14), and entered the agreed final judgment, (ECF No. 15), on February 8. The final judgment included a judgment of foreclosure in Interstate's favor and dismissed the Constances' claims with prejudice. *Id.*

Then, on March 10, the Constances filed their *pro se* Motion for New Trial arguing they "did not have proper Legal counsil [sic]" because Interstate "threatned [sic] to file sanction's [sic] against" them and their attorney.[1] Mot. 2. The Constances also argue they "were under time restraints by" Interstate that "left no time to review the [a]greement." *Id.* And they further contend "[s]everal things were stated that are not true." *Id.* at 2-3. Interstate filed a response, (ECF No. 19), and the Constances filed a reply, (ECF No. 20). Thus, the Motion is fully briefed and ripe for determination.

**Legal Standards**

Because the Constances filed their Motion more than 28 days after the entry of judgment, the Court construes it as a motion for relief from the February 8, 2021 judgment under Rule 60(b), rather than a motion to alter or amend a judgment under Rule 59(e). *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *see also*

---

[1] The Court granted Attorney Ryan Daniel's request to withdraw. Ord. (ECF No. 23).

3

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (internal citations omitted) ("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b). . . . If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.").

Rule 60(b) provides relief from a final judgment if the movant can show:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). And "relief under Rule 60(b) is considered an extraordinary remedy" because "the desire for a judicial process that is predictable mandates caution against reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (citations omitted).

"The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court." *Williams v. Sake Hibachi Sushi & Bar, Inc.*, 2020 WL 1862559, at *2 (N.D. Tex. Apr. 14, 2020) (Fitzwater, J.) (citing *Lavespere*

*v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam)). Further, when ruling on a Rule 60(b) motion, courts should consider a host of factors:

> (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962)).

## Analysis

In their Motion, the Constances appear to argue they are entitled to Rule 60(b) relief because of their attorney's alleged neglect and Interstate's alleged misconduct and misrepresentations. Hence, the Constances appear to seek relief under Rules 60(b)(1) and 60(b)(3). *See* FED. R. CIV. P. 60(b)(1), (3).

I. <u>The Constances are not entitled to relief under Rule 60(b)(1).</u>

To be entitled to relief under Rule 60(b)(1), the Constances must demonstrate mistake, inadvertence, surprise, or excusable neglect. *See* FED. R. CIV.

5

P. 60(b)(1). But "a court would abuse its discretion if it were to grant relief under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Sterling v. United States*, 2020 WL 2425648, at *7 (N.D. Tex. May 12, 2020) (Fitzwater, J.) (citing *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991))). Indeed, Rule 60(b) relief will only be afforded in "unique circumstances." *Id.* "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Id.*

In their motion and reply, the Constances attack their own counsel, arguing his inexperience, carelessness, or lack of zealousness failed them. They explain that the litigation with Interstate went on for years and their counsel felt pressure because Interstate's counsel threatened to, and then did, file a motion to dismiss and request sanctions against the Constances and their counsel. The Constances contend that they hired "a fairly new [a]ttorney and derogatory marks or disciplinary actions would affect his clientele moving forward," so their attorney did not "fairly represent" them and their "[a]ttorney did not explain the terms and conditions of" the Settlement Agreement that included the agreed final judgment. Reply 5, 6 (ECF No. 20). But the Constances do not identify any particular mistake by their attorney or explain how they were prejudiced by it. The Constances do not contend they could not understand the Settlement Agreement without the assistance of counsel; nor do they assert they would not have entered the

Settlement Agreement if their attorney had explained it differently or in more detail.

Further, a Plaintiff has "a duty of diligence to inquire about the status of [a] case . . . and to seek appropriate relief when necessary. *Sterling*, 2020 WL 2425648, at * 8 (internal quotations omitted) (quoting *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (per curiam)). At some point when the Constances felt that their counsel no longer adequately represented them, the Constances should have asked him to withdraw or sought other appropriate relief from the Court. Instead, the Constances received and signed the Settlement Agreement with Interstate and the agreed final judgment under the advice of counsel of their choosing. They waited until 30 days after the Court entered the agreed final judgment—and five months after they signed the Settlement Agreement—to complain that their attorney was neglectful.

Because the Constances only assertion to justify relief under Rule 60(b)(1) is their generic dissatisfaction with "counsel's carelessness with or misapprehension of the law or the applicable rules of court," the Constances are not entitled to the relief they seek. *See Sterling*, 2020 WL 2425648, at *7.

II.   <u>The Constances are not entitled to relief under Rule 60(b)(3).</u>

Under Rule 60(b)(3), the Court may "relieve a party . . . from a final judgment for . . . fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "One who asserts that an adverse party has obtained a [judgment] through fraud, misrepresentation[,] or other misconduct

has the burden of proving the assertion by clear and convincing evidence." *Hanan v. Crete Carrier Corp.*, 2021 WL 3130081, at *2 (N.D. Tex. July 23, 2021) (Boyle, J.) (internal quotations omitted) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)); *accord Gov't Fin. Servs. v. Peyton Place, Inc.*, 62 F.3d 767, 772 (5th Cir. 1995). And "the conduct complained of must have prevented the losing party from fully and fairly presenting [their] case or defense." *Hanan*, 2021 WL 3130081, at *2 (citation omitted).

Here, the Constances failed to establish that either Interstate or its counsel engaged in any form of fraud or misconduct. The Constances argue (1) Interstate threatened to file sanctions against the Constances and their counsel because Interstate believed the Constances' claims were baseless; (2) Interstate did not provide enough time for the Constances to review the Settlement Agreement and the Constances did not agree to its terms; and (3) Interstate "stated several things that are not true."

First, Interstate has a legal right to threaten to move for sanctions in response to the filing of an apparently baseless lawsuit. *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 876-76 (5th Cir. 1984) ("The general rule is that . . . it is not duress to threaten to do what one has a legal right to do. Nor is it duress to threaten to take any measure authorized by law and the circumstances of the case. . . . Thus, it is the established rule that it is not duress to institute or threaten to institute civil suits, or take proceedings in court, or for any person to declare that he intends to use the courts wherein to insist upon what he believes to

8

be his legal rights, at least where the threatened action is made in good faith, that is, in the honest belief that a good cause of action exists[] and does not involve some actual or threatened abuse of process." (internal quotations omitted)). Here, given the history of litigation between the parties, Interstate reasonably believed the Constances' lawsuit was baseless and responded accordingly—by telling their attorney Interstate would pursue sanctions if the Constances pursued their claims.² A baseless lawsuit in law or fact may be subject to sanctions under the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 11. Therefore, given the circumstances of the case, Interstate's threat to move for sanctions did not constitute misconduct.

Second, the Constances' complaint that they did not have enough time to review the Settlement Agreement and consult with their attorney is belied by other

---

² Interstate's counsel did not mince words when he explained what the basis for his sanctions motion would be:

> Your live complaint demonstrates a lack of understanding regarding foreclosure law, coupled with a glaring omission of the litigation history between our respective clients. The multiple prior legal actions make clear, as articulated in the most recent opinion from the 5th Circuit, that he Constances are engaged in gamesmanship with the sole purpose of delaying the lawful foreclosure of the property at issue. . . .
>
> Your pleading represents your failure to investigate the case. And, your recent posts to the Texas Real Estate Lawyers page on Facebook depict that you filed the lawsuit without any basis in law or fact in support of your position (your posts asking other attorneys for help in coming up with legal theories).

Def. Resp., Ex. C (ECF No. 19-3).

evidence in the record. In their motion and reply, the Constances assert—for the first time—that they did not have a fair opportunity to review the 12-page Settlement Agreement and they did not agree to its terms. Mot. 1; Reply 2. But the Settlement Agreement provided, in pertinent part:

> N. **Authority**. . . . *Plaintiffs* and Defendant further *affirm that they* are fully capable of executing this Agreement and *understand its contents and further that they have legal counsel of their own choice to explain the legal effect of signing this Agreement.*
>
> O. **Advice of Counsel**. *Each Party* to this Agreement *acknowledges that it has had the benefit of advice of competent legal counsel* or the opportunity to retain such counsel with respect to its decision to enter into this Agreement. The individuals whose signatures are affixed to this Agreement in a personal or representative capacity *represent that they are competent to enter into this Agreement and are doing so freely and without coercion by any other Party or non-party hereto.*

*Id.* at 3-4, 9-10 (emphasis added).

Also, "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 344 (5th Cir. 2007). But "[t]hese motions *cannot be used to raise arguments which could, and should, have been made before the judgment issued.*" *Id.* (emphasis added). And "they cannot be used to argue a case under a new legal theory." *Id.* The Constances could have raised their concerns regarding the execution of the Settlement Agreement before they signed the Settlement Agreement, after signing the Settlement Agreement, before they failed to make the payment required by the

10

Settlement Agreement, after they missed the payment that was a condition precedent to submitting the agreed final judgment, or after the motion for agreed final judgment. Instead, the Constances waited until one month after the Court's entry of the agreed final judgment to complain about the amount of time that they had to review the Settlement Agreement or understand its terms. Therefore, Rule 60(b) relief is not appropriate because the Constances should have raised these arguments before entry of the final judgment.

Third, the Constances failed to identify any statements Interstate allegedly made that were untrue except Interstate "stated they were the Primary Mortgage holder in the claims they filed" and the Constances argue "[t]his is not true." Mot. 2-3. The Constances have a "heavy burden to show by clear and convincing evidence" that Interstate "engaged in misrepresentation that prevented [the Constances] from fully and fairly presenting their case." *See Christopher v. DePuy Orthopaedics, Inc.*, 888 F.3d 753, 790 (5th Cir. 2018) (citing *Wilson v. Thompson*, 638 F.2d 801, 804 (5th Cir. 1981). Here, the Constances failed to meet their burden. The Constances failed to point the Court to any place where Interstate made this statement, provide any proof that the statement was untrue, or explain how this statement prejudiced the Constances' case. Therefore, like the Constances' earlier arguments, the Constances' argument that a new trial should be granted because Interstate made false statements lacks merit. Accordingly, the Constances are not entitled to relief under Rule 60(b)(3).

### III. The Constances are bound by their agreement not to contest the Agreed Final Judgment.

The Constances "specifically agree[d] . . . . to in no way appeal the entry of the Agreed Final Judgment or in any way extend any post-judgment deadlines within th[is] Litigation." Resp. 31-32. The Fifth Circuit "will generally enforce valid appeal waivers." *BAC Home Loans Servicing, L.P. v. Groves*, 583 F. App'x 414, 415 (5th Cir. 2014) (citing *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005). While the Constances complained about the negotiated amount of the Settlement Agreement, they ignored that they waived the right to appeal the Agreed Final Judgment. The Constances failed to argue the invalidity of the appellate waiver. Accordingly, the Constances waived their right to a new trial or relief from judgment under Rule 59(e) or 60(b).

### RECOMMENDATION

For the reasons stated, the Court should DENY the Constances' motion for new trial, (ECF No. 16).

**SO RECOMMENDED**.

December 7, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).